JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
SGibson@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584
GREGORY S. CORDREY (Bar No. 190144)
GCordrey@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

Attorneys for Plaintiff Sealant Systems International, Inc.

FILED
FEB 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEALANT SYSTEMS INTERNATIONAL, INC.

Plaintiff,

v.

TEK GLOBAL S.R.L.

Defendant.

CASE NO. CV11 0774

**COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Sealant Systems International, Inc. ("SSI" or "Plaintiff") states and alleges for its Complaint against Defendants TEK Global S.R.L. ("TEK" or "Defendant") as follows:

**NATURE OF ACTION**

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. This claim is for a Declaratory Judgment declaring that U.S. Patent No. 7,789,110 (the "'110 Patent"), entitled "Kit for Inflating and Repairing Inflatable Articles, in Particular Tyres," is not infringed by SSI and is invalid under United States Patent Act, 35 U.S.C. § 1, *et seq.*

**PARTIES**

3. At all times mentioned herein, Plaintiff SSI is engaged in the manufacturing of onboard tire repair systems. SSI is a California corporation with its principal place of business in

Grover Beach, California.

4. At all times mentioned herein, Defendant TEK is an Italian limited liability company having an office and place of business at Via Icaro No. 11, Pesaro (PU) Italy.

### JURISDICTION

5. This Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. There is an actual case and controversy within this Court's jurisdiction regarding non-infringement and invalidity of the '110 Patent.

6. This Court has personal jurisdiction over TEK, an Italian limited liability company because, among other things, (a) TEK sent various communications to SSI at its California headquarters alleging infringement of the '110 Patent, and (b) on information and belief, TEK frequently sells product to American Honda Motor Co. Inc., a California corporation.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

8. At all times mentioned herein, on information and belief, TEK owns the '110 Patent. A true and correct copy of the '110 Patent is attached hereto as **Exhibit A**.

9. On November 2, 2009, TEK sent SSI a letter to its California headquarters claiming that SSI's automatic tire repair system infringed several of TEK's United States Published Patent Applications, including the Patent Application which corresponds to the '110 Patent, No. 2008/0029181. A true and correct copy of this letter is attached hereto as **Exhibit B**.

10. The letter attached two US Patent Application Publications and claimed that once the patent applications were granted, TEK would be entitled to compensation from SSI.

11. On November 22, 2010, TEK sent SSI another letter to its California headquarters notifying SSI that it had filed suit against SSI for patent infringement, and attached the complaint. A true and correct copy of this letter is attached hereto as **Exhibit C**.

12. In fact, on November 10, 2010, TEK filed suit against SSI in the United States District Court Southern District of New York, case number 10 CIV 8757 (AKH) (the "Patent Infringement Action"). SSI will be moving to dismiss the Patent Infringement Action for lack of personal jurisdiction.

13. Under these circumstances, there is a substantial controversy between TEK and SSI.

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Mitchell LLP

7605055v1

1  In light of TEK's Patent Infringement Action, this controversy is of sufficient immediacy and
2  reality to justify the issuance of a declaratory judgment regarding the parties' respective rights as
3  they relate to the alleged infringement and validity of the claims of the '110 Patent.

### CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

14. SSI repeats and realleges the allegations of paragraphs 1 through 13 above, and incorporates those allegations herein by this reference.

15. SSI's product does not infringe, either directly, indirectly, by contribution, or by inducement, or in any other way, any claim of the '110 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

16. Based on TEK's filing of the Patent Infringement Action and TEK's correspondence asserting that it is entitled to compensation from SSI based on the allegation that '110 Patent covers SSI's automatic tire repair system, there is a justiciable controversy between the parties regarding the non-infringement of the '110 Patent by SSI, and SSI is entitled to a declaratory judgment that will finally resolve this issue.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, SSI requests a declaration by the Court that it does not infringe either directly, indirectly, by contribution, or by inducement, or in any other way, any claim of the '110 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### COUNT TWO

### DECLARATORY JUDGMENT OF INVALIDITY

18. SSI repeats and realleges the allegations of paragraphs 1 through 17 above, and incorporates those allegations herein by this reference.

19. On information and belief, the claims of the '110 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in the United States Patent Act, 35 U.S.C. § 100 *et seq.*

20. Based on TEK's filing of the Patent Infringement Action, there is a justiciable

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Mitchell LLP

7605055v1

- 3 -

controversy between the parties regarding the invalidity of the '110 Patent, and SSI is entitled to a declaratory judgment that will finally resolve this issue.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and 35 U.S.C. § 100 *et seq.*, SSI requests a declaration by the Court that the claims of the '110 Patent are invalid.

## JURY DEMAND

22. Plaintiff demands that all claims and causes of action raised in this Complaint against Defendant be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. A declaratory judgment that Plaintiff does not infringe and has not infringed, literally or by equivalents, directly or by inducement or contributory infringement, any claim of the '110 Patent;

2. A declaratory judgment that the claims of the '110 Patent are invalid;

3. A judgment finding this case exceptional and awarding Plaintiff its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

4. A judgment awarding Plaintiff such other and/or further relief as is just and equitable.

DATED: February 18, 2011

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
GREGORY S. CORDREY

By: _____
STANLEY M. GIBSON (Bar No. 162329)
Attorneys for Plaintiff SEALANT SYSTEMS INTERNATIONAL, INC.

PRINTED ON RECYCLED PAPER