UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEALANT SYSTEMS INTERNATIONAL, INC., ET AL,<br><br>        Plaintiffs,<br>    v.<br><br>TEK GLOBAL, ET AL.,<br><br>        Defendants. | Case No.: C 11-00774 PSG<br><br>(Consolidated with Case No. 11-1649 PSG)<br><br>**ORDER RE PARTIES' MOTIONS TO DISMISS CLAIMS FOR WILLFUL INFRINGEMENT**<br><br>**(Re: Docket Nos. 42, 47)** |

In the first of these patent infringement suits, Defendants TEK Global SRI and TEK Corporation (collectively "TEK") move to dismiss the claim for willful infringement alleged in the second amended complaint. Plaintiffs Sealant Systems International, Inc. ("SSI") and Accessories Marketing, Inc. ("AMI") oppose the motion. In the second patent infringement suit (filed first but transferred from the Southern District of New York and now consolidated), SSI and AMI move to dismiss the claim for willful infringement alleged in the first amended complaint. TEK opposes the motion. On January 3, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, TEK's motion to dismiss is DENIED and SSI and AMI's motion for judgment on the pleadings is GRANTED.

Case No.: C 11-0774 PSG                                             1
ORDER RE PARTIES' MOTIONS TO DISMISS

# I. BACKGROUND

TEK owns U.S. Patent No. 7,789,110 (the "'110 Patent") entitled "Kit for Inflating and Repairing Inflatable Articles, in Particular Tyres." The patent claims tire repair kits that include an air compressor and a container of sealant that allows a user to repair tire punctures by the controlled injection of sealant into the tire. On November 10, 2010, TEK filed suit against SSI alleging infringement of the '110 Patent in the Southern District of New York.[1] Following transfer of the suit to the Northern District of California, TEK filed a first amended complaint against SSI alleging willful infringement of the '110 Patent.[2] In support of its claim for willful infringement, TEK alleges that:

> Plaintiff TEK Global, through its counsel, sent a letter on or about November 2, 2009 to SSI at its California headquarters putting SSI on notice pursuant to 35 U.S.C. §154(d) that SSI's automatic onboard tire repair system appears similar to the subject matter of two pending published patent applications, including the application that issues as the '110 Patent, and that once the patent (or patents) issued, Plaintiffs would be entitled to compensation from SSI for its use of the inventions claimed therein.

SSI filed an answer to the first amended complaint and, among its defenses, it alleges that TEK has failed to state a claim for willful infringement.[3]

On February 18, 2011, SSI filed a suit in this district for declaratory relief alleging that it did not infringe the '110 Patent, and that the patent is invalid. SSI later amended the complaint to add AMI as a party and to allege infringement of its own U.S. Patent No. 6,789,581 (the "'581 Patent"). Pursuant to Pat. L.R. 3-1(h), SSI has declared that:

> infringement has been willful in that TEK has had knowledge of the '581 Patent since at least [*sic*] January 27, 2009, the date that a United States patent examiner cited as a reference the '581 patent during the prosecution of [TEK's] then-pending patent application, which later became the '110 patent. TEK has no objective basis for continuing to make, use, sell, offer to sell in the United States, and import into the United States the accused instrumentality.

On October 17, 2011, SSI and AMI filed a second amended complaint alleging willful infringement of the '581 Patent. The allegations in support of its willful infringement claim state

---

[1] *See* Case No. 11-1649, Docket No. 1.

[2] *See* Case No. 11-1649, Docket Nos. 16, 22.

[3] *See* Case No. 11-1649, Docket No. 24.

Case No.: C 11-0774 PSG
ORDER RE PARTIES' MOTIONS TO DISMISS
2

that:

> [TEK's] infringement has been willful and with full knowledge of the '581 Patent, making this an exceptional case pursuant to 35 U.S.C. §284.  For example, on information and belief, TEK has had knowledge of the '581 Patent since at least December 2, 2009, the date that a United States patent examiner cited as a reference the '581 Patent during the prosecution of [TEK's] then-pending patent application, which later became the '110 Patent.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4]  While "detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5]  In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face."[6]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  Accordingly, under Fed.R.Civ.P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[9]  Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[10]  The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot

---

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[6] *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[7] *Id.* at 1940.

[8] *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

[9] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[10] *See id.* at 1061.

reasonably be drawn from the facts alleged."[11]  Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[12]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[13]  If dismissing with prejudice, a district court's failure to consider the factors relevant to whether amendment should be permitted and failure to articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion.[14]

"In order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent."[15]  "To willfully infringe a patent, a patent must exist and one must have knowledge of it."[16]  "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents."[17]  "Whether an act is willful is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances."[18]  "Hence a party cannot be found to have "willfully" infringed a patent of which the party had no knowledge.  Nor is there a universal rule that to avoid willfulness one must cease

---

[11] *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

[12] *See In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

[13] *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

[14] *See id.* at 1052.

[15] *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). To be clear, *In re Seagate* only "addressed the evidence necessary to establish willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required." *Advanced Analogic Technologies., Inc. v. Kinetic Technologies., Inc.,* Case No. C09-1360-MMC, 2009 WL 1974602, at *2 (N.D. Cal. Jul. 8, 2009). *Accord Mobile Media Ideas LLC v. HTC Corp.,* Civ. Action No. 2:10-cv-112-TJW, 2011 WL 434 7037, at *2 (E.D. Tex. Sept. 15, 2011); *Sony Corp. v. LG Electronics USA, Inc.,* 768 F.Supp.2d 1058, 1064 (C.D. Cal. 2011).

[16] *State Industries, Inc. v. A.O. Smith Corp*., 751 F.2d 1226, 1236 (Fed. Cir. 1985).

[17] *See Id.*

[18] *Gustafson, Inc. v. Intersystems Indus. Products, Inc*., 897 F.2d 508, 510-511 (Fed. Cir. 1990).

Case No.: C 11-0774 PSG 4
ORDER RE PARTIES' MOTIONS TO DISMISS

manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of a suit."[19]

### III. DISCUSSION

**A.   TEK's Motion to Dismiss SSI and AMI'S Claim for Willful Infringement**

TEK contends that SSI and AMI's claim for willful infringement should be dismissed because SSI and AMI have not alleged that they ever provided any actual notice of infringement of the '581 Patent to TEK. TEK urges that it was never told what specific products infringe and that the patent examiner's reference to the '581 Patent among multiple other references does not constitute sufficient notice of the patent as a matter of law, particularly when the '110 Patent was later issued.

SSI and AMI respond that actual notice of infringement is not required for them to plead a claim for willful infringement. Instead, where, as here, the patentee alleges notice of the asserted patent during the prosecution of another patent embodied in a product and a lack of due care thereafter, a claim for willful infringement is adequately pleaded.

The court agrees with SSI and AMI. "Infringement is willful when the infringer was aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."[20] TEK is thus incorrect in characterizing the notice requirement as notice of infringement – only notice of a patent need be alleged and ultimately proven. TEK has not cited any case suggesting that as a matter of law actual notice may not be pleaded as having come from the Patent Office in the course of prosecuting a separate patent. Nor has the court found any case suggesting that a willful infringement claim must include allegations regarding notice of specific products. While TEK may have proceeded in the absence of an objectively high likelihood that its actions constituted infringement of a valid patent, that is a matter of fact to be decided after appropriate discovery on the topic – not before. TEK's motion to dismiss the claim for willful infringement is denied.

---

[19] *Id.* at 511.

[20] *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010).

Case No.: C 11-0774 PSG
ORDER RE PARTIES' MOTIONS TO DISMISS
5

**B.     SSI's Motion to Dismiss TEK'S Claim for Willful Infringement**

SSI contends that TEK's claim for willful patent infringement should be dismissed for failure to state a claim. In the first amended complaint, TEK alleges only that SSI and AMI had notice that an application for the later-to-be-issued '110 Patent was pending at the time. SSI argues that under governing authority, this is not sufficient.

TEK responds only that the motion to dismiss should be denied as untimely because SSI already answered its operative complaint and any motion to dismiss pursuant to Rule 12(b)(6) should have been filed before an answer.

The court initially concludes that SSI's motion may be considered one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Ninth Circuit has held that Rule 12(c) and Rule 12(h)(2) taken together authorize consideration of untimely but otherwise qualifying Rule 12(b)(6) motions where, as here, the defense of failure to state a claim was included in the answer.[21]

Turning to the merits of the motion, TEK has not adequately pleaded a claim for willful infringement. TEK alleges only that its counsel provided SSI with notice that "SSI's automatic onboard tire repair system appears similar to the subject matter of two pending published patent applications, including the patent that would be issued as the '110 Patent and that once the patent (or patents) was issued, [TEK] would be entitled to compensation from SSI for its use of the inventions claimed therein." Merely providing notice that applications are pending is not sufficient because "[f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents."[22] While the Federal Circuit has affirmed the sufficiency of notice of a pending application, it did so only where it was established that the defendant "knew exactly when [the] patent came into existence and indeed had several months advance notice."[23] The defendant in that case also "agreed to receive and was sent a copy of [the plaintiff's] allowed

---

[21] *See Aldable v. Aldable,* 616 F.2d 1089, 1093 (9th Cir. 1980); and *Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 954-55 (9th Cir. 2004).

[22] *State Industries, Inc. v. A.O. Smith Corp.,* 751 F.2d at 1236.

[23] *National Presto Industries, Inc. v. The West Bend Company,* 76 F.3d 1185, 1193 (Fed. Cir. 1996).

claims" set forth in the Notice of Allowability.[24] Here, there is no allegation whatsoever that SSI had any advance notice of the allowed claims or even that any claims would be allowed.

SSI's motion for judgment on the pleadings is granted. Because TEK offers no reason to believe any amendment would be anything other than futile, leave to amend is denied.

## IV. CONCLUSION

TEK's motion to dismiss is denied and SSI's motion for judgment on the pleadings is granted without leave to amend.

**IT IS SO ORDERED**.

Dated:   1/4/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[24] *Id.* at 1194.

Case No.: C 11-0774 PSG
ORDER RE PARTIES' MOTIONS TO DISMISS