1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEALANT SYSTEMS INTERNATIONAL, INC., ET AL.,                   )<br>                  )<br>                  )<br>        Plaintiffs,   )<br>     v.                   )<br>                  )<br>TEK GLOBAL S.R.L., ET AL.,     )<br>                  )<br>       Defendants.   )<br>                  ) | Case No.: C 11-0774 PSG<br><br>**ORDER GRANTING PILLSBURY WINTHROP SHAW PITTMAN LLC'S MOTION TO WITHDRAW AS COUNSEL**<br><br>**(Re: Docket No. 75)** |

In this patent infringement suit, Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury"), counsel to Defendants Tek Global S.r.l. and Tek Corporation (collectively, "TEK"), moves to withdraw as counsel. Plaintiffs Sealant Systems International, Inc. ("Sealant") and Accessories Marketing, Inc. ("AMI") have not opposed, or otherwise responded to, the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on August 21, 2012 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Pillsbury's motion to withdraw is GRANTED.

Despite engaging Pillsbury as counsel beginning around July 22, 2011, TEK still refuses to sign a written agreement to govern their relationship. In addition, TEK has failed to promptly and fully pay Pillsbury's fees. As a result, Pillsbury contends that it has become unreasonably difficult

1

Case No.: C 11-0774 PSG
ORDER

to continue to represent TEK. Pillsbury advised TEK first on May 17, 2012 and again, on June 27,

2012, in writing that it would seek to withdraw as counsel.

Pillsbury also notes that TEK should not be prejudiced by its withdrawal at this juncture in

the case. It has provided TEK with sufficient time to engage new counsel before trial begins on

February 6, 2013.[1] Pillsbury intends to fully cooperate so that a transition to new counsel is

expedient and at minimal cost to TEK.

The local rules in this district require that any attorney permitted to practice in this court be

familiar with the standards of professional conduct required of members of the State Bar of

California.[2] These standards are contained in the California Rules of Professional Conduct.[3]

Pursuant to such rules, an attorney may seek to withdraw if the client renders it unreasonably

difficult for the attorney to carry out employment effectively or if the client breaches an obligation

to pay expenses or fees.[4] Civ. L.R. 11-5 provides that counsel may not withdraw without a court

order.

TEK refuses to sign an engagement agreement with Pillsbury and has failed to fully pay the

fees that it has incurred thus far. Good cause therefore exists to allow Pillsbury to withdraw.

Because TEK is a corporation, it may not appear pro se.[5] No later than September 28, 2012, TEK

shall retain new counsel and have its new counsel file a notice of appearance. In the meantime, any

papers filed in the case shall be served on Pillsbury for the sole purpose of forwarding the papers to

TEK.[6]

---

[1] *See* Docket No. 81.

[2] *See* Civ. L.R. 11-4(a).

[3] *See id.* at Commentary.

[4] *See* California Rule of Professional Conduct 3-700(C)(1)(d) and (f).

[5] *See* Civ. L.R. 3-9(b).

[6] *See* Civ. L.R. 11-5(b).

2

Case No.: C 11-0774 PSG
ORDER

1    **IT IS SO ORDERED.**

2    Dated:    7/26/2012                                        Paul S. Grewal

3                                                              PAUL S. GREWAL
                                                               United States Magistrate Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

Case No.: C 11-0774 PSG
ORDER