JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329), sgibson@jmbm.com
GREGORY S. CORDREY (Bar No. 190144), gcordrey@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiffs
SEALANT SYSTEMS INTERNATIONAL, INC.,
ACCESSORIES MARKETING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEALANT SYSTEMS INTERNATIONAL, INC., and ACCESSORIES MARKETING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEK GLOBAL S.R.L. and TEK CORPORATION,<br><br>Defendants. | CASE NO.   11-cv-774-PSG (Lead case)<br><br>**DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>**Accompanying Papers:** Notice of Motion and Motion; Declaration of Gregory S. Cordrey; (Proposed) Order<br><br>Hearing Information:<br>Date:    February 12, 2012<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul Singh Grewal<br><br>(Consolidated with Case No. 11-cv-1649) |

DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## DECLARATION OF RANDALL K. KING, PH.D., P.E.

I, RANDALL K. KING, PH.D., P.E., declare as follows:

1. I have been retained as an expert witness in this action by Jeffer Mangels Butler & Mitchell LLP, counsel of record for Plaintiffs Sealant Systems International, Inc. ("SSI"), and Accessories Marketing, Inc. (collectively, "Plaintiffs"), in this action. I am submitting this declaration in support of SSI's Motion for Summary Judgment of Invalidity. The facts set forth herein are within my personal knowledge from my experience and my work on this case and if called as a witness I could and would competently testify to them.

2. Among other things, I have been retained to offer my expert opinion on whether U.S. Patent No. 7,789,110 (the "'110 Patent") is valid in light of certain prior art publications. My qualifications to offer this and my other expert opinions are discussed in detail in my opening expert report, a true and correct copy of which is attached to the concurrently-filed Declaration of Gregory S. Cordrey ("Cordrey Decl.") as Exhibit 16. A true and correct copy of the '110 Patent is attached as Exhibit 1 to the Cordrey Declaration. Attached hereto as **Exhibit 21** is a claim chart showing where each element of the asserted claims of the '110 Patent is found in the prior art.

3. I also have been retained to offer my expert opinion on who is a person of ordinary skill in the art of the '110 Patent. In my opinion, a person of ordinary skill in the art of the '110 patent is a person with at least a bachelor's degree in mechanical engineering and at least two years of experience designing and analyzing devices for pressurizing systems using air compressors and pneumatic valves.

4. Attached as Exhibit 2 to the Cordrey Declaration is a copy of U.S. Patent Application Publication 2003/0056851 to Eriksen et al. ("Eriksen").

5. Attached as Exhibit 3 to the Cordrey Declaration is a copy of Japanese Patent No. JP-2004-338158A ("Bridgestone"), with accompanying certified translation attached as Exhibit 4.

6. Even using TEK's expert's definition of a person of ordinary skill in the art, the asserted claims would have been obvious in light of Eriksen in view of Bridgestone.

7. As shown in Figure 7 of Eriksen, Eriksen discloses a kit for inflating and repairing an inflatable article, which includes a compressor assembly (2), a container of sealing liquid (3),

connecting means (hoses 6 and 10) connecting the container to a compressor assembly and to an inflatable article for repair or inflation, an outer casing (32) housing the compressor assembly and defining a seat for the container of sealing liquid, and container connecting means (41) for connecting the container to the compressor assembly.

8. Bridgestone's three-way valve meets the Court's construction that a three-way valve has one input and two outputs. *See* Cordrey Decl., Ex. 4 at p. 7, ¶¶ 0023-26 ("[a] three way (3 port) electromagnetic valve with one intake port 49 and two output ports 50, 51 is used as the air directional valve [48]"); Fig. 11.

9. In light of Bridgestone's disclosure of a three-way valve and additional hose used in a tire repair kit to provide a separate stream of compressed air to a tire for inflation (rather than a stream of air and sealant for repair and inflation), it would have been obvious to a person of ordinary skill in the art to combine Bridgestone with the tire repair device of Eriksen. Both are directed to solving the same problem, *i.e.*, providing portable tire repair devices having a self-contained compressor and container of tire sealant allowing a user to selectively provide air and sealant to a tire for repair or air only for tire inflation. A person of ordinary skill in the art would be motivated to use a three-way valve and an additional hose with other prior art tire repair kits, such as that of Eriksen, in order to obtain these known benefits.

10. Bridgestone's three-way valve, like the preferred embodiment in the '110 patent, is upstream of the container. Thus, to a person of ordinary skill in the art, placing a three-way valve upstream of the container of Eriksen with the input coming from the air compressor and two outputs, one being directed to the existing hose to the container and another being directed to an additional hose as shown in Bridgestone to supply air only, would have been obvious.

11. Eriksen anticipated claims 2 and 12 of the '110 Patent by disclosing that said connecting means comprise a compressed-air feed line [6] for feeding compressed air from said compressor assembly to said container [3]; said container comprising a vessel having an opening [defined by neck 37], and a valve device [38, 45 and 46] fitted in fluid-tight manner to the opening and having an inlet [29] connectable to said compressed-air feed line, and an outlet [30] for the sealing liquid. *See* Cordrey Decl., Ex. 4 at p. 5, ¶ 0092; Figs. 10-15.

-3-

DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
LA 9209339v1

12. Eriksen discloses a valve device [38, 45 and 46] with a control member [46] recited in claims 3, 13 and 29 of the '110 Patent. *See* Cordrey Decl., Ex. 4 at 5, ¶¶ 0092-0100; Figs. 10-12.

13. Claims 5 and 15 of the '110 Patent recite, and Eriksen discloses, "that said container connection means comprise dispenser unit [41] connectable detachably to said container [3] and having an inlet fitting [lower chamber 44] connected in fluid-tight manner to said inlet [29] of said valve device, and an outlet fitting [upper chamber 43] connected in fluid-tight manner to said outlet [30] of said valve device." *See* Cordrey Decl., Ex. 1 at col. 6, ll. 15-21; col. 6, l. 66 - col. 7, l. 5 (reference numbers to Eriksen inserted); Ex. 4 at 5, ¶¶ 0092-0100, Figs. 10-12.

14. Examples of prior art disclosing the claimed elastic means include U.S. Patent No. 4,765,367 to Scott, which discloses the use of a spring to bias a valve to a closed position in order to prevent the flow of tire sealant to a tire. *See* Cordrey Decl., Ex. 18 at col. 2, ll. 69-col. 3, ll. 2; Figs. 1-2.

15. It would have been obvious to a person of ordinary skill in the art to utilize a selector switch to control the operation of a three-way valve, such as disclosed in Bridgestone. Indeed, it would be difficult to utilize a three-way valve without having some means, like a selector switch, to control it. As Bridgestone demonstrates, the use of selector switches to control the operation of a three-way valve was known to those of ordinary skill in the art at the time of the invention and would have been a routine matter to incorporate such a selector when using a three-way valve. Thus, for the same reasons a person of ordinary skill would have been motivated to use a three-way valve in the known tire repair kits, it would have been obvious to use a selector switch with a disabling mode and two enabling modes to control the operation of a three-way valve in a tire repair kit.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this, the 8th day of January, 2013, at Kingwood, Harris County, Texas.

_____
RANDALL K. KING, PH.D., P.E.

- 4 -
DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
LA 9209339v1