1   JEFFER MANGELS BUTLER & MITCHELL LLP
    STANLEY M. GIBSON (Bar No. 162329), sgibson@jmbm.com
2   GREGORY S. CORDREY (Bar No. 190144), gcordrey@jmbm.com
    1900 Avenue of the Stars, Seventh Floor
3   Los Angeles, California  90067-4308
    Telephone:    (310) 203-8080
4   Facsimile:    (310) 203-0567

5   Attorneys for Plaintiffs
    SEALANT SYSTEMS INTERNATIONAL, INC.,
6   ACCESSORIES MARKETING, INC.

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  SEALANT SYSTEMS INTERNATIONAL,      CASE NO.     11-cv-774-PSG (Lead case)
    INC., and ACCESSORIES MARKETING,
12  INC.,                               **DECLARATION OF RANDALL K. KING,
                                        PH.D., P.E., IN SUPPORT OF PLAINTIFFS'
13              Plaintiffs,             MOTION FOR SUMMARY JUDGMENT OF
                                        NON-INFRINGEMENT OR,
14        v.                            ALTERNATIVELY, MOTION FOR
                                        PARTIAL SUMMARY JUDGMENT**
15  TEK GLOBAL S.R.L. and TEK
    CORPORATION,
16                                      **Accompanying Papers:**  Notice of Motion and
                Defendants.             Motion; Declaration of Gregory S. Cordrey;
17                                      (Proposed) Order

18                                      Hearing Information:
                                        Date:        February 12, 2013
19                                      Time:        10:00 a.m.
                                        Place:       Courtroom 5, 4th Floor
20                                      Judge:       Hon. Paul Singh Grewal

21                                      (Consolidated with Case No. 11-cv-1649)

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER
LA 9210097v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1

## DECLARATION OF RANDALL K. KING, PH.D., P.E.

2      I, RANDALL K. KING, PH.D., P.E., declare as follows:

3      1.      I have been retained as an expert witness in this action by Jeffer Mangels Butler &

4    Mitchell LLP, counsel of record for Plaintiffs Sealant Systems International, Inc. ("SSI"), and

5    Accessories Marketing, Inc. (collectively, "Plaintiffs"), in this action.  I am submitting this

6    declaration in support of SSI's Motion for Summary Judgment of Non-infringement, or

7    Alternatively, Motion for Partial Summary Judgment.  The facts set forth herein are within my

8    personal knowledge from my experience and my work on this case and if called as a witness I could

9    and would competently testify to them.

10      2.      Among other things, I have been retained to offer my expert analysis and opinions in

11   response to the November 2, 2012 expert report of Dr. Homayoon Kazerooni regarding

12   infringement of U.S. Patent No. 7,789,110 (the "'110 Patent") by Plaintiffs.  My qualifications to

13   offer this and my other expert opinions are discussed in detail in my rebuttal expert report served on

14   November 20, 2012, a true and correct copy of which is attached hereto as **Exhibit 9**.  A true and

15   correct copy of the '110 Patent is attached as Exhibit 1 to the concurrently-filed Declaration of

16   Gregory S. Cordrey ("Cordrey Decl.").

17      3.      I also have been retained to offer my expert opinion on who is a person of ordinary

18   skill in the art relevant to the '110 Patent.  In my opinion, a person of ordinary skill in the art of the

19   '110 patent is a person with at least a bachelor's degree in mechanical engineering and at least two

20   years of experience designing and analyzing devices for pressurizing systems using air compressors

21   and pneumatic valves.

22      4.      The bottle cap in the Accused Products, however, does not perform the function of

23   stably and functionally connecting the container to the compressor when the container is housed in

24   the seat.  Instead, the cap's functionality of connecting the container to the compressor assembly is

25   independent of whether the container is housed in the outer casing.  The container can be housed in

26   the container, but not be functionally connected to the compressor assembly.  Similarly, the

27   container can be outside the outer casing, but remain functionally connected to the compressor

28   assembly.

5.      Claims 1 and 26 (elements 1.4 and 26.4) of the '110 Patent recite "*an outer casing (6) housing said compressor assembly (2) and defining a seat (7) for the container (3) of sealing liquid, said container (3) being housed removably in said seat (7).*"  The Court held that the claim term "outer casing . . . defining a seat for the container of sealing liquid" should be construed according to its plain meaning.  Dkt. 88 at 19.  In light of the claim language and the specification, a person of ordinary skill in the art would interpret that this claim language "defining a seat" requires more than an outer casing merely housing a container of tire sealant.  The container in the Accused Products merely is housed in the outer casing.

6.      The Accused Products do not have a recess formed in the outer casing.  In addition, the cap of the Accused Products is merely housed within the outer casing along with the container.

7.      The Accused Products do not have a fast-fit coupling, such as a lever-operated coupling, at the free end of the first hose connecting the compressor to the container.  Instead, the Accused Products use a screw-on fitting with a hexagon-shaped body, which is installed by tightening it with a tool (e.g., wrench or pliers) and which must be removed with a tool.  To a person of ordinary skill in the art of the '110 Patent, this arrangement does not satisfy the Court's claim construction requiring that the structure of "connecting means" is a fast-fit coupling.

8.      The screw-on fitting used in the Accused Products is not equivalent to a fast-fit coupling.  That is, the screw-on fitting used in the Accused Product performs a different function, in a different way, to achieve a different result, than the fast-fit coupling described in the '110 Patent and the Court's Claim Construction Order.  In contrast to the '110 Patent (see Cordrey Decl., Ex. 1 at col. 4, ll. 7-13), the screw-on fitting used in the Accused Products does not perform the function of being easily detached from the container to connect directly to an inflatable article in need of inflation.  Instead, it requires a tool to remove the hose from the fitting and requires a needle or valve chuck to inflate an inflatable article.  Accordingly, the screw-on fitting does not perform the same function as the fast-fit coupling (*i.e.*, the fast-fit coupling allows the air hose to be easily removed for use when an inflatable article only needs inflating and not repair, whereas the screw-on fitting in the Accused Products connects the hose from the compressor to the container in a manner that is not easily detachable).

DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
LA 9210097v1

9.      In addition, the screw-on fitting of the Accused Product operates differently than the fast-fit coupling.  In the circumstance where an inflatable object requires only inflation, the Accused Products use a separate hose rather than the same hose having the fast-fit coupling described in the '110 Patent.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
LA 9210097v1

1    I declare under the penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and that this declaration was executed this, the 8th day of January,

3    2013, at Kingwood, Harris County, Texas.

4    _____
     RANDALL K. KING, PH.D., P.E.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

-5-

DECLARATION OF RANDALL K. KING, PH.D., P.E., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
LA 9210097v1