UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SSI SYSTEMS INTERNATIONAL INC., a California corporation,<br><br>           Plaintiff,<br>     v.<br><br>TEK GLOBAL S.R.L., TEK CORPORATION,<br><br>           Defendants. | Case No.: C 11-774 PSG<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Re: Docket No. 119)** |

In this patent infringement case, Plaintiff SSI Systems International, Inc. ("SSI") moves to compel Defendants TEK Global S.R.L. and TEK Corporation ("TEK") to produce certain documents relating to TEK's expert report on the validity of the patent-in-suit. On February 12, 2013, the parties appeared for oral argument. Having reviewed the papers and considered the arguments of counsel, the court GRANTS-IN-PART SSI's motion.

**I.   BACKGROUND**

SSI sued TEK for patent infringement. TEK countersued, asserting SSI's products infringe U.S. Patent No. 7,789,110 ("the '110 Patent").

TEK designated Dr. Kazerooni to testify as an expert on the validity of the '110 Patent. In his expert rebuttal report, Dr. Kazerooni concluded that the '110 Patent claims the priority date of

1

Case No.: C 11-774 PSG
ORDER

an Italian patent (application number TO 2004A000117) owned by TEK ("the Italian patent").[1] Specifically, Dr. Kazerooni found that "[s]upport for a three-way valve and an addition hose can be found in claim 1 of the Italian application."[2] In forming this conclusion, Dr. Kazerooni quoted and relied on a "certified English translation" of the Italian application.[3] At his depositon, however, Dr. Kazerooni admitted that the "certified English translation" might not be accurate.[4] In subsequent communications, TEK admitted the translation provided to Dr. Kazerooni was incorrect. Upon request, TEK provided SSI with the original Italian application text, which did not match up with the version cited by Dr. Kazerooni.[5]

The incorrect translation contains the following additional language that is not present in the Italian application:

> "said kit further comprising and additional hose (83) cooperating with said inflatable article; and a three-way valve (81) input connected to said compressor assembly (2), and output connected to said container (3) and to said additional hose (83) to direct a stream of compressed air selectively to said container (3) or to said additional hose (83)."[6]

On January 4, 2013, SSI requested the Italian application from which the translation provided to Dr. Kazerooni was made, and any certifications of the translation.[7] TEK responded with the original Italian application, and the translation with the certification.[8] Unsatisfied, SSI asked again for the Italian application which the incorrect translation was created from and "any

---

[1] *See* Docket No. 119, Ex. A.

[2] *Id.*

[3] *See id.*

[4] *See* Docket No. 119, Ex. B.

[5] *See* Docket No. 119, Ex. D.

[6] *See* Docket No. 119, Ex. E, F.

[7] *See* Docket No. 119, Ex. C.

[8] *See* Docket No. 119, Ex. D.

Case No.: C 11-774 PSG
ORDER

2

related documents."[9] On January 7, 2013, TEK responded that it had already provided the original incorrect translation, the newly corrected translation, and the original Italian application, which the translation was based on.[10] TEK also stated that there were no other documents in its possession responsive to SSI's request.[11] Still SSI persisted, requesting all documents that were used in producing the incorrect translation.[12]

On January 18, 2013, TEK provided SSI with a string of email communications between administrative assistant for TEK's counsel, Anabel Rodriguez ("Rodriguez"), and Ultra Translate, the translation company that provided the original translation.[13] The email communications provided by TEK to SSI include Rodriguez's original email request to Ultra Translate for the translation, which states she has attached the Italian application and an uncertified English translation.[14] The Ultra Translate representative responded that as the first 4 pages of the text needed translation and the following 19 pages only needed transcription of the uncertified English transcription, TEK would receive a discount.[15] TEK claims that Rodriguez actually attached only the Italian application and the U.S. '110 Patent, but mistakenly referred to the '110 Patent as an "uncertified translation."[16] To support this assertion, Payam Moradian ("Moradian"), TEK's counsel, explains that he instructed Rodriguez to obtain a translation of the Italian application, attaching both the Italian application for translation and the '110 Patent to be used as a "glossary"

---

[9] Docket No. 119, Ex. G.

[10] *See* Docket No. 119, Ex. H.

[11] *See id.*

[12] *See* Docket No. 119, Ex. I.

[13] *See* Docket No. 119, Ex. M.

[14] *See* Docket No. 119, Ex. N.

[15] *See id.*

[16] *See* Docket No. 127.

Case No.: C 11-774 PSG
ORDER

to facilitate translation.[17] Tek submits an email from Moradian to Rodriguez reflecting this request – the November 14, 2012 email is blank, but attaches the Italian application and the '110 Patent.[18]

SSI now moves to compel the following: (1) the incorrect translation that was provided to Dr. Kazerooni, (2) the document upon which the translation was based, and (3) any documents and communications to and from the original party that performed the incorrect translation relied upon by Dr. Kazerooni. SSI also asks that portions of Dr. Kazerooni's expert rebuttal discussing the incorrect translation be stricken.

## II.   LEGAL STANDARD

Pursuant Rule 26, parties generally may discover "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[19] Additionally, the court may for good cause order discovery of "any matter relevant to the subject matter involved in the action."[20]

## III.   DISCUSSION[21]

SSI first asks for the incorrect translation that was provided to Dr. Kazerooni. SSI also appears to request any other documents relied upon by Dr. Kazerooni. As noted by TEK, the incorrect translation relied upon by Dr. Kazerooni has been produced several times. The incorrect

---

[17] Docket No. 126 ¶ 8-9.

[18] *See* Docket No. 126, Ex. 1.

[19] Fed. R. Civ. P. 26(b)(1).

[20] *Id.*

[21] As a preliminary matter, TEK argues that SSI did not meet and confer in good faith before bringing this motion as required by Fed. R. Civ. P. 37(a)(1). Considering the pending fact discovery deadlines and dispositive motions before the court, and the importance of the issues presented, the court will consider the instant motion despite possible procedural deficiencies.

4

Case No.: C 11-774 PSG
ORDER

translation was attached as Exhibit A to Dr. Kazerooni's Expert Rebuttal Report.[22]  TEK also reproduced the incorrect translation again on January 24, 2013.[23]  TEK has also produced the email communication between Moradian and Dr. Kazerooni, attaching the incorrect translation.[24]  SSI's first request is therefore moot.

SSI also requests that the court strike portions of Dr. Kazerooni's Expert Rebuttal Report referencing the incorrect translation.  TEK agrees, pointing out that they informed SSI on February 5, 2013 that they would be withdrawing the portions of the report based on the erroneous translation; namely, TEK agreed to withdraw paragraphs 10-12 on page 9.[25]  The parties do not dispute that the original translation was incorrect and the portions of Dr. Kazerooni's report relying on the incorrect translation should be withdrawn.  The court therefore finds it appropriate to strike the lines of Dr. Kazerooni's report referencing the incorrect translation.

SSI then asks that documents between TEK's counsel and the translation company be produced.  SSI asserts the documents are relevant to the issues of the priority date of the asserted claims, the credibility of TEK's expert witness, the reasonableness of his reliance on this translation, and the invalidity of the '110 Patent.  As TEK has already admitted the original translation to be incorrect and the parties have agreed to strike that portion of the report, the court fails to see how communications with the translation company would relate to the issues of priority date and invalidity of the '110 Patent.  The validity of the Expert Rebuttal is no longer at issue.  Similarly, no evidence suggests that Dr. Kazerooni was involved with the translation process; TEK has provided evidence showing Dr. Kazerooni was merely provided with the incorrect translation.

---

[22] *See* Docket No. 125 ¶ 8, 10.

[23] *See* Docket No. 125 ¶ 15.  *See also* Docket No. 125, Ex. 2.

[24] *See* Docket No. 126, Ex. 4.

[25] *See* Docket No. 126, Ex. 5.

Communications between TEK and the translation company are therefore not relevant to Dr. Kazerooni's credibility.

The court nevertheless finds that there is good cause to discover these documents. Although TEK produced a PDF version of the email chain between Rodriguez and Ultra Translate, and TEK asserts that Rodriguez mistakenly referenced the '110 Patent as the attached "uncertified English translation," the court finds that SSI is still entitled to native forms of all communications between TEK's counsel and the translation company to resolve this dispute. As TEK has represented to opposing counsel and the court that the incorrect translation was due to honest error and problems with the translation company, SSI's request should pose no problem. TEK should bear the cost of resolving the ambiguity it created.

## IV.    CONCLUSION

SSI's request for the incorrect translation provided to Dr. Kazerooni is MOOT. The court STRIKES strike paragraphs 10-12 of Dr. Kazerooni's Expert Rebuttal Report because they refer to an incorrect translation of the Italian application.

No later than February 22, 2013, TEK shall produce native versions of all communications between TEK and Ultra Translate relating to the incorrect translation, including any attached documents. The court specifically notes that TEK must provide a native version of the email communication between Rodriguez and Ultra Translate dated November 14, 2012, with all attached documents.

**IT IS SO ORDERED.**

Dated: February 13, 2013

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

6

Case No.: C 11-774 PSG
ORDER