# AMI v. TEK (Case No. 11-CV-774) VERDICT FORM

Based on the evidence admitted at trial and in accordance with the instructions as given by the Court, we, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## FINDINGS ON INFRINGEMENT CLAIMS

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

AMI has asserted infringement of claims 22, 23, 24, 27, 28, 29, 30, 31, 34, 36, 38, 40, 42, 45, 46, and 47.

1. **Direct Infringement**

    a) Has AMI proven that it is more likely than not that every requirement of any asserted claim of U.S. Patent No. 6,789,581 is included in TEK's accused products?

    YES __X__    NO _____

    If yes, which claim(s)? __22, 23, 24, 27, 28, 29, 30, 31, 34, 38, 40, 42__

2. **Willful Infringement**

    a) Has AMI proven that it is highly probable that from an objective point of view the defenses put forth by TEK failed to raise any substantial question with regard to infringement or validity of the patent claim?

    YES _____    NO __X__

    If the answer to 2a is yes, answer question 2b. If the answer to 2a is no, proceed to question 3.

    b) Has AMI proven that it is highly probable that TEK actually knew, or it was so obvious that TEK should have known, that its actions constituted infringement of a valid patent?

    YES _____    NO _____

If so, from what date did TEK know or should have known?

_____

## FINDINGS ON INVALIDITY DEFENSES

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

TEK has asserted claims 22, 23, 24, 27, 28, 29, 30, 31, 34, 36, 38, 40, 42, 45, 46, and 47 are invalid either through anticipation or obviousness.

3. **Anticipation**

    a) Has TEK proven that it is highly probable that any claim of U.S. Patent No. 6,789,581 was "anticipated," or in other words, not new?

YES __X__ NO _____

If yes, which claim(s)? __22, 23, 24, 38__

If the answer is yes, check any reason below that is applicable

__X__ The claimed invention was already publicly known by others in the United States before October 31, 2002.

__X__ The claimed invention was already patented or described in a printed publication anywhere in the world before the patent application was filed on October 31, 2002. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find.

__X__ If the claimed invention was already described in another issued U.S. patent or published U.S. patent application filed before October 31, 2002.

4.  **Obviousness**

The ultimate legal conclusion on the obviousness question will be made by the court. To aid the court, however, you are asked to deliver an advisory opinion as to obviousness. However, before you do so, you must answer the following preliminary factual questions:

a) Does the scope and content of the prior art at the time of the claimed invention include the following? (check all that apply)
   __X__ U.S. Patent Publication No. US 2004/0173282
   __X__ Japanese Patent Publication 2002-212883883
   __X__ U.S. Patent No. 6,736,170
   __X__ German Patent DE 101 06 468

b) What difference, if any, existed between the claimed invention and the prior art at the time of the claimed invention?
   The two ~~recepta~~ piece system (receptacle and port)

c) Which of the following factors has been established by the evidence with respect to the claimed invention: (check those that apply):

   _____ Commercial success of a product due to the merits of the claimed invention;

   _____ A long felt need for the solution provided by the claimed invention;

   _____ Unsuccessful attempts by others to find the solution provided by the claimed invention;

   _____ Copying of the claimed invention by others;

   _____ Unexpected and superior results from the claimed invention;

   _____ Acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

   _____ Other evidence tending to show nonobviousness;

   _____ Independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it; and

   _____ Other evidence tending to show obviousness.

After consideration of the answers to the preliminary questions above and the level of ordinary skill in the agreed to by the parties (either a bachelor of science degree in mechanical engineering or an equivalent level of experience working with mechanical device, and, in addition, 2 to 4 years of relevant experience working in the field of mechanical engineering or as a mechanical design engineer making comparable products), do you find that TEK has proven that it is highly probable that any claim of AMI's patent would have been obvious to a person of ordinary skill in the file at the time the patent application was filed?

YES _____  NO \_\_\_X_____

If yes, which claim(s)? _____

_____

### FINDINGS ON DAMAGES (IF APPLICABLE)

(If you answered questions 1 yes and question 3 no, proceed to answer the remaining question. If you did not so answer, do not answer the remaining question and proceed to check and sign the verdict form.

5. AMI is entitled to a reasonable royalty in the following amount:

   a) Royalty payment:
      i. Royalty rate \_\_\_\_\_7\_\_\_\_\_%, multiplied by
      ii. Royalty base $17,956,000 , equals
      iii. Total royalty damages: $ 1,256,920

Have the presiding juror sign and date this form.

Signed: _____ Date: 04/25/13
         Presiding Juror