UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEK GLOBAL S.R.L., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SEALANT SYSTEMS INTERNATIONAL INC., et al.,<br><br>        Defendants. | Case No. 5:11-cv-00774-PSG<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ON INFRINGEMENT**<br><br>**(Re: Docket Nos. 361, 362)** |

Following reversal and remand by the Federal Circuit,[1] the parties renew their motions for summary judgment on the issue of infringement of United States Patent No. 7,789,110. The posture is precisely what one would expect. Plaintiffs TEK Global, S.R.L. and TEK Corporation argue that there is no genuine issue that the accused products practice each limitation of each asserted independent claim.[2] Defendants Sealant Systems International, Inc. and ITW Global Tire Repair argue the reverse, that is, that no reasonable jury could find that any accused product practices each and every necessary limitation.[3] Having studied the parties' papers and considered their oral arguments, the court concludes that neither party gets its right, and that genuine issues of material fact remain for trial. Both motions are DENIED.

While the parties address a variety of claim limitations that in fact remain in genuine dispute, the court focuses its comments on just three: the hose and dispenser unit housed inside a

---

[1] *See* Docket No. 357.

[2] *See* Docket Nos. 362, 98.

[3] *See* Docket Nos. 361, 103.

1

Case No. 5:11-cv-00774-PSG
ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ON INFRINGEMENT

1 recess in the base of the casing to stably and functionally connect the container and compressor,

2 the recess in the base of the housing and the outer casing that defines a seat for the container. The

3 parties are all well-familiar with the legal standards applicable to an infringement analysis, and so

4 the court will get right to it.

5 The debate regarding these limitations boils down to whether the accused products have

6 the necessary recess, or seat, for a stable and functional connection between the sealant container

7 and compressor when the container is housed in that recess. The record is replete with evidence

8 that a reasonable jury could rely on to decide this issue in either side's favor. For Plaintiffs, not

9 only does their expert Dr. Homayoon Kazerooni opine that the products do have the necessary

10 recess, by pointing to the container cap when snapped into the outer casing,[4] but Defendants' own

11 executive and expert Brett Mueller suggests the same in describing the products' "nest."[5]

12 Defendants' other expert, Dr. Randall King, says the opposite.[6] While Plaintiffs dismiss King's

13 testimony as "conclusory,"[7] it is no more so than Kazerooni's. Any lack of substance or

14 foundation may be explored by cross-examination.

15 As for a fourth limitation—fast-fit coupling—that Defendants say is missing in the accused

16 products,[8] a reasonable jury could nevertheless find that the products infringe. The reason is that a

17 coupling is just one of three alternatives required by the court's construction.[9] The other two

18 alternatives require no fast-fit coupling at all.[10] Defendants dismiss these alternatives from the

---

[4] *See* Docket No. 376-5 at SSI002921; Docket No. 376-6 at SSI002935.

[5] Docket No. 377-3 at 34:19-35:12.

[6] *See* Docket No. 103-11 at ¶ 4.

[7] Docket No. 377-5 at 3.

[8] *See* Docket No. 103 at 16-19.

[9] *See* Docket No. 88 at 14-17.

[10] *See id.*

2
Case No. 5:11-cv-00774-PSG
ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ON INFRINGEMENT

accused products because they say the alternatives each require a functional connection between the container and compressor when the container is seated in the outer casing.[11]  But as pointed above, a reasonable jury could rely on Kazerooni's testimony alone to find otherwise.[12]

**SO ORDERED.**

Dated: May 31, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[11] Docket No. 103 at 8-10, 16.

[12] *See* Docket No. 376-6 at SSI2935.