UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEALANT SYSTEMS INTERNATIONAL, INC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TEK GLOBAL, S.R.L., et al.,<br><br>　　　　Defendants. | Case No. 5:11-cv-00774-PSG<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON INVALIDITY**<br><br>**(Re:　Docket No. 368)** |

　　　　In 2013, this court invalidated as obvious United States Patent No. 7,789,110.[1]  The court held that an ordinarily skilled artisan would be motivated to combine U.S. Patent Application Pub. 2003/0056851 ("Eriksen") and Japanese Patent No. 2004-338159 ("Bridgestone") to practice the '110 patent and each of its asserted claim limitations.[2]  The Federal Circuit reversed, holding that under the proper construction of "cooperating with," neither reference disclosed an "additional hose cooperating with" a tire.[3]  Having corrected this court's claim construction error, the appellate court remanded the issue of obviousness because Defendants had not "had an opportunity to make a case for invalidity in light of this court's claim construction."[4]  Defendants Sealant Systems International, Inc. and ITW Global Tire Repair now renew their obviousness

---

[1] *See* Docket No. 134 at 5-18.

[2] *See id.*

[3] *See* Docket No. 357, *Sealant Systems Int'l., Inc. v. TEK Global, S.R.L.*, 616 Fed. App'x 987, 993-96 (Fed. Cir. 2015).

[4] *Id.* at 996.

1
Case No. 5:11-cv-00774-PSG
ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON INVALIDITY

challenge in the form of a renewed motion for summary judgment.[5] Defendants return with Eriksen and Bridgestone in hand, as well as a third reference: United States Patent No. 4,498,515 ("Holtzhauser").[6] Having reviewed the parties' papers and considering their additional arguments at last week's hearing, the court DENIES Defendants' motion.

*First*, genuine issues of material fact remain regarding the combination of Eriksen and Holtzhauser. To be sure, the Federal Circuit agreed with this court and the parties that Eriksen discloses all the limitations in disputes except "a three-way valve" and "an additional hose."[7] But even if Holtzhauser solves this problem for Defendants—which itself is a hotly contested issue[8]—a reasonable jury could find that it creates others, especially in light of Defendants' burden of proving invalidity by clear and convincing evidence. In particular, Plaintiffs' own expert Randall King acknowledges that Holtzhauser disclosed a remote-controlled onboard tire inflation system rather than a portable repair kit like what the '110 patent discloses.[9] One might reasonably question an ordinarily skilled artisan's motivation to combine such references to practice that which is claimed.

*Second*, the Federal Circuit has already considered and rejected obviousness in light of the combination of Eriksen and Bridgestone. Defendants are correct that the appellate court gave them another chance to challenge the '110 patent's validity.[10] But they ignore completely that the Federal Circuit already took it upon itself to say what Bridgestone does and does not teach, as well

---

[5] *See* Docket Nos. 368, 101.

[6] *See* Docket No. 368 at 2-3.

[7] *Sealant Sys. Int'l*, 616 Fed. App'x at 994; *see also Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 281 (9th Cir. 1996) ("The law of the case doctrine states that the decision of an appellate court must be followed in all subsequent proceedings in the same case.").

[8] *See, e.g.*, Docket No. 376-1 at ¶¶ 71-74, 78-79.

[9] *See* Docket No. 376-3 at 80:23-81:19; Docket No. 376-1 at ¶ 70.

[10] *See Sealant Sys. Int'l*, 616 Fed. App'x at 996.

as the motivation to combine Eriksen with this reference. It said, without qualification and after specifically considering the same sections that Defendants point to now, that "neither Bridgestone nor Eriksen teach[es] the use of 'an additional hose [ ] cooperating with' the tire."[11] It also held that "*even if* a skilled artisan would be motivated to combine the two references," the combination would not produce the claimed invention.[12] Whatever other references might have been relied on for the missing limitation following remand, the law of the case prevents any second-guessing by this court.

**SO ORDERED.**

Dated: May 31, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[11] *Id.*

[12] *Id.* at 95-96 (emphasis added).