KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
aramani@kvn.com
NIKKI K. VO - #239543
nvo@kvn.com
BRIGGS MATHESON - #291287
bmatheson@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiffs
TEK GLOBAL S.R.L. and TEK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEK GLOBAL S.R.L., and TEK CORPORATION,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SEALANT SYSTEMS INTERNATIONAL INC., AND ACCESSORIES MARKETING, INC.,<br><br>　　　　　　Defendants. | Case No. 11-cv-0774-VC (Lead Case)<br><br>(Consolidates Case No. 11-cv-1649-JSC)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE PURSUANT TO 35 U.S.C. § 282(C)**<br><br>Date:　　　March 10, 2017<br>Dept.:　　　Courtroom 4, 17th Floor<br>Judge:　　　Hon. Vince Chhabria |

Plaintiffs TEK Global S.R.L. and TEK Corporation ("TEK") respectfully submit the following response to Defendants Sealant Systems International, Inc. and ITW Global Tire Repair's (collectively, "SSI") Notice Pursuant to 35 U.S.C. § 282(c) (the "§ 282(c) notice").

TEK hopes that SSI's recent filing is not the latest in a series of attempts by SSI to improperly expand the scope of the prior art on which SSI plans to rely at trial. Just last year, SSI sought to introduce through its expert, Dr. Randall King, three previously undisclosed prior-art references to support its motion for summary judgment of invalidity. Then-presiding Magistrate Judge Grewal properly struck all three references. *See* Dkt. 365. Now, more than four years after SSI last served its Patent Local Rule 3–3 Disclosures, and just thirty days before trial, SSI apparently seeks once again to augment the list of prior art underlying its invalidity defense. This time, SSI attempts to do so through a § 282(c) notice adding several prior-art references that were never disclosed in SSI's invalidity contentions, and never discussed or considered by Dr. King in any of his reports.

Section 282 does not permit this kind of last-minute supplementation. For nearly a year, TEK has prepared for trial on the prior-art references properly disclosed by SSI, and on which Dr. King opined. The Court should hold SSI to those references, and preclude SSI from relying on any of the references disclosed for the first time in the § 282(c) notice.

In addition, SSI's notice includes a prior-art reference— JP2004338158 ("Bridgestone")—that, as this Court and the Federal Circuit have already explained, cannot be combined with SSI's other (properly disclosed) prior-art references to invalidate the '110 patent. SSI should be barred from relying on Bridgestone alone or in combination with any other prior-art references in mounting its invalidity defense at trial.

**A.   SSI's should not be permitted at trial to rely on any of the 20 prior-art references disclosed for the first time in the § 282(c) notice.**

SSI purports to identify in its § 282(c) notice the "patents and applications that anticipate or show the state of the art." Dkt. 435 at 2 (capitalization altered). Of the 76 references listed in the notice, at least ***20 were never identified in SSI's Patent Local Rule 3-3 Invalidity Contentions*** (the "undisclosed references"). For example, SSI lists in its § 282(c) notice U.S. Patent. Nos. 4,101,494 and 4,224,208 to Kent. *Id.* But those references (and many others) do not

1

appear anywhere in SSI's invalidity contentions, or in the Referenced Cited in the patent-in-suit, U.S. Patent No. 7,789,110 (the "'110 patent").[1] The § 282(c) notice also includes at least one reference that simply does not qualify as prior art, because it post-dates the effective priority date of the '110 patent. *See, e.g.*, Dkt. 435 at 5 (citing U.S. Patent No. 7,798,183).

SSI's most recent Patent Local Rule 3–3 disclosure identifies only the following prior-art references:

- U.S. Patent Pub. No. 2003/0056851 ("Eriksen");
- JP2004338158 ("Bridgestone");
- U.S. Patent No. 4,495,515 ("Holtzhauser");
- U.S. Patent No. 6,283, 172 ("Thurner");
- WO 2004/039567 ("Laetgaard");
- US 7,778,110, Background Art ("Admitted Prior Art").
- U.S. 6,789,581 ("Cowan");[2]

Similarly, SSI's liability expert, Dr. Randall King, limits his invalidity analysis to nearly the same references: (1) Eriksen, (2) Bridgestone, (3) Holtzhauser, (4) Thurner, (5) Laetgaard, and (6) U.S. Patent No. 4,765,367 ("Scott")—an "Admitted Prior Art" reference listed in the '110 patent.[3] *See* Declaration of Briggs Matheson in Support of Plaintiffs' Response to Defendants' § 282(c) Notice, Ex. A (Nov. 2, 2012 King Rep.) at 17, Ex. B (Apr. 20, 2016 Supp. King Rep.) at 18. Dr. King has never offered any opinions about any of the undisclosed references that appears in SSI's § 282(c) notice. Nor did he have any reason to—SSI has never indicated in this lawsuit that it intends to rely on any prior-art references beyond the six references identified above. In fact, just this week, pursuant to this Court's Standing Order on Civil Trials, SSI served a

---

[1] The previously undisclosed references are listed in the attached Appendix A.

[2] The Federal Circuit previously held in this case that the Cowan reference is invalid. *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.*, 616 F. App'x 987, 996 (Fed. Cir. 2015).

[3] Somewhat confusingly, nine-months after SSI served its last Patent Local Rule 3–3 invalidity contentions, Dr. King submitted a declaration in support of SSI's motion for summary judgment of invalidity of the '110 patent, and attached an "Exhibit 21," titled "Invalidity Contentions." That exhibit, however, makes no mention of the Thurner or Holtzhauser references. *See* Dkt. 101-23 ¶ 2 & 101-24, Ex. 21. Dr. King relied on the same exhibit in his declaration in support of SSI's renewed motion for summary judgment of invalidity last April. *See* Dkt. 363-5 ¶ 2.

proposed verdict form identifying the same six prior-art references on which Dr. King has opined as the relevant references to be considered by the jury. *See* Matheson Decl. Ex. C at 3 (listing Bridgestone, Eriksen, Holtzhauser, Laetgaard, Scott, and Thurner).

The law is settled about what is to be done under these circumstances. "[A]lthough § 282 sets a minimum period for the identification of prior art to be introduced as evidence of [invalidity], a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998). As the Federal Circuit has expressly acknowledged, such directives include district court rules like Patent Local Rule 3–3. *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1281 & n.1 (Fed. Cir. 2012). SSI should be limited at trial to presenting and relying upon the prior-art references that were either previously disclosed in SSI's invalidity contentions or discussed by Dr. King.[4]

As noted, this is not the first time that SSI has tried to inject new prior-art references into this case. Just as it did when SSI sought rely on previously undisclosed prior art at the summary judgment phase, the Court should preclude SSI from relying on any of the 48 undisclosed references at trial. Allowing SSI to add new references on the eve of trial—and after the deadline by which the parties were required to exchange motions in limine—is highly prejudicial to TEK, who has waited more than six years to put its infringement claims before a jury. The Court should not reward SSI's last-minute efforts to change the long-settled prior-art landscape of this case in the final weeks before trial.

**B.  SSI should not be permitted to revive its twice-rejected obviousness argument based on the combination of Eriksen and Bridgestone.**

In addition to the undisclosed references, SSI includes Bridgestone on its § 282(c) notice. *Dkt.* 435 at 4. SSI previously argued to the Federal Circuit in this case that a combination of

---

[4] According to SSI, the references set forth in the § 282(c) notice were previously disclosed either in "SSI's Atent Local Rule disclosures of infringement and invalidity contentions" or in various unspecified "pleadings, motions, discovery responses, expert reports, and pretrial disclosures." To the extent that SSI contends that any of the undisclosed references were mentioned in documents other than its Patent Local Rule 3–3 disclosure and Dr. King's expert reports, such disclosure is not sufficient under the Local Rules and the well-established law of this District. *See, e.g.*, *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11–cv–05341–YGR, 2014 WL 690161, at *1 (N.D.Cal. Feb. 21, 2014).

1   Bridgestone and Eriksen renders the asserted claims of the '110 obvious.  *See* Br. of Plaintiffs and
2   Cross-Appellants Sealant Sys. Int'l, Inc. and Accessories Marketing, Inc., *Sealant Sys. Int'l, Inc.*
3   *v. TEK Global S.R.L.,* 2014 WL 5510527, at *60 (Fed. Cir. 2015).  Specifically, SSI argued that a
4   person of ordinary skill in the art would have been motivated to combine Bridgestone's "three-
5   way valve with an additional hose" with Eriksen to achieve the device disclosed by the '110
6   patent.  *Id*. at 60-61 (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 417 (2007)).  The
7   Federal Circuit flatly rejected this argument, explaining that "*[e]ven if* a skilled artisan would be
8   motivated to combine the two references . . . , this would not produce the claimed invention
9   because neither Bridgestone nor Eriksen teach the use of an additional hose [ ] cooperating with
10  the tire."  *Sealant Sys. Int'l, Inc,* 616 F. App'x at 995-96 (emphasis added) (quotations omitted).

11          On remand from the Federal Circuit, SSI sought to summarily invalidate the '110 patent,
12  arguing once again, among other things, that the claims of the '110 patent are obvious based on
13  the combination of Eriksen and Bridgestone.  Dkt. 363.  Dr. King similarly sought, again, to
14  recycle this once-failed argument.  *See* Dkt. 363-5.  Following a hearing, Magistrate Judge
15  Grewal denied SSI's renewed motion, and rejected out of hand SSI's reliance on the combination
16  of Eriksen and Bridgestone.  Dkt. 397 at 2-3.  In doing so, Judge Grewal emphasized that the
17  Federal Circuit had already held that "neither Bridgestone nor Eriksen teach[es] the use of 'an
18  additional hose [] cooperating with' the tire," and that "even if a skilled artisan would be
19  motivated to combine the two references, the combination would not produce the claimed
20  invention."  *Id*. at 3.

21          Thus, two federal courts have now held as a matter of law that an ordinarily skilled artisan
22  would have no motivation to combine Eriksen and Bridgestone, and that the combination does not
23  invalidate the '110 patent.  Well-established Ninth Circuit and Federal Circuit law "'pre[c]ludes a
24  court from reconsidering an issue decided previously . . . by a higher court in the identical case,'"
25  where, as here, the issue was "'decided explicitly or by necessary implication in the previous
26  disposition.'"  *Plantronics, Inc. v. Am. Home Assurance Co.*, No. 5:07-cv-06038-PSG, 2014 WL
27  2452577, at *2 (N.D. Cal. May 30, 2014) (quoting *U.S. v. Lummi Indian Tribe*, 235 F.3d 443, 452
28  (9th Cir. 2000)); *see also, e.g.*, *Dow Chem. Co. v. Nova Chems. Corp.*, 803 F.3d 620, 627 (Fed.

1  Cir. 2015) ("'[T]he doctrine [of law of the case] posits that when a court decides upon a rule of
2  law, that decision should continue to govern the same issues in subsequent stages in the same
3  case.'" (alteration in original) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S.
4  800, 815–16 (1988))).  Having unsuccessfully presented its argument that the combination of
5  Eriksen and Bridgestone renders the '110 patent obvious to the Federal Circuit and to this Court,
6  SSI must be barred from trying again at trial. And because both courts have already held that
7  Bridgestone does not teach the use of an "additional hose," SSI should be precluded from
8  advancing any argument that Bridgestone discloses that feature.
9      For the foregoing reasons, TEK respectfully requests that the Court reject SSI's § 282(c)
10 notice to the extent SSI intends to rely on any undisclosed reference, or on the failed combination
11 of Eriksen and Bridgestone, in mounting its invalidity defense at trial.

Dated:  February 17, 2017                              Respectfully submitted,

                                      KEKER & VAN NEST LLP

                                      By:    */s/ Briggs Matheson*
                                               ASHOK RAMANI
                                               NIKKI VO
                                               BRIGGS MATHESON

                                               Attorneys for Plaintiffs
                                               TEK GLOBAL S.R.L. and TEK
                                               CORPORATION

**APPENDIX A:**
**LIST OF UNDISCLOSED PRIOR-ART REFERENCES**

3,729,033

4,101,494

4,137,206

4,224,208

4,308,766

4,337,322

4,426,468

4,528,331

4,713,114

4,798,233

5,124,395

5,386,857

5,472,023

5,500,456

1999/014031

5,916,931

5,992,476

6,013,697

6,092,569

2004/0173282

2005085028

2006/0086403

PCT/US07/22337 (IPR)

PCT/US07/22337 (Written opinion)

EP1961632