JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329), sgibson@jmbm.com
GREGORY S. CORDREY (Bar No. 190144), gcordrey@jmbm.com
ANDREW I. SHADOFF (Bar No. 272319), ashadoff@jmbm.com
JESSICA P.G. NEWMAN (Bar No. 309170), jnewman@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendants
SEALANT SYSTEMS INTERNATIONAL INC. and
ITW GLOBAL TIRE REPAIR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEK GLOBAL S.R.L., and TEK CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SEALANT SYSTEMS INTERNATIONAL INC. and ITW GLOBAL TIRE REPAIR,<br><br>Defendants. | CASE NO. 3:11-cv-00774-VC (Lead case)<br><br>**DEFENDANTS' REPLY TO AND REQUEST TO STRIKE PLAINTIFFS' "RESPONSE TO DEFENDANTS' NOTICE PURSUANT TO 35 U.S.C. § 282(C)"**<br><br>(Consolidated with Case No. 11-cv-1649) |

Defendants Sealant Systems International, Inc., and ITW Global Tire Repair (collectively, "SSI") respectfully submit this reply to, and request to strike, the purported "Response to Defendants' Notice Pursuant to 35 U.S.C. § 282(c)" (the "Purported Response"; Docket No. 445) filed by Plaintiffs TEK Global, S.r.l. and TEK Corporation (collectively, "TEK").

I.  **INTRODUCTION**

Ironically, TEK's Purported Response criticizes SSI for perceived (but nonexistent) procedural improprieties, but is itself an improper attempt by TEK to seek *in limine* rulings barring SSI from presenting certain evidence at trial, filed without prior notice ***nine days after*** motions *in limine* had to be exchanged. For this reason alone, TEK's unauthorized Purported Response should

1  be disregarded in its entirety.

2  Moreover, TEK's arguments seeking evidentiary rulings are legally and factually groundless.

3  First, there is no basis to preclude SSI from relying on any prior art identified in SSI's Notice Pursuant to 35 U.S.C. § 282(c) ("Notice"; Docket No. 435). Each and every reference listed in the Notice was previously disclosed. In fact, 24 of the 25 prior art references TEK complains about were explicitly disclosed in SSI's invalidity contentions, served in *November 2011*. The remaining reference also was disclosed in the invalidity contentions, although SSI inadvertently listed it in the Notice by publication number (EP1961632) rather than by the application number (EP 08 15 8282) it cited in the invalidity contentions. But TEK cannot even claim surprise regarding this single prior art reference, because it was a patent application filed by TEK's president, Maurizio Marini.

Second, the Federal Circuit did not hold, as TEK contends, that SSI was barred from relying on the Bridgestone prior art reference as part of its invalidity case. Under the prior construction of "cooperating with," the District Court held that Bridgestone combined with Eriksen rendered obvious the asserted claims of the '110 Patent. In its order, the Federal Circuit remanded the invalidity of the '110 patent back to the District Court to reconsider invalidity in light of its new construction of "cooperating with." The Federal Circuit's ruling does not preclude SSI from using Bridgestone in combination with the prior art Eriksen patent, or for other purposes, such as to show that the state of the art of tire repair kits at the time of the alleged invention included the use of a three way valve, the purportedly novel feature of the '110 Patent.[1]

## II. EVERY PRIOR ART REFERENCE LISTED IN SSI'S NOTICE WAS PREVIOUSLY DISCLOSED IN SSI'S INVALIDITY CONTENTIONS SERVED IN 2011

TEK incorrectly argues that SSI's Notice lists "at least 20" previously undisclosed references, and concludes that SSI is attempting to "change the long-settled prior-art landscape of this case in the final weeks before trial." [Docket No. 445 at 1, 3.] TEK is wrong.

---

[1] The Federal Circuit and the district court both found that TEK conceded that Eriksen disclosed every feature of independent claims 1 and 26, except the three way valve and an additional (compressed air only) hose. 616 Fed.Appx. 987, 991 (Fed. Cir. June 11, 2015).

On November 21, 2011, SSI served its Patent L.R. 3-3 and 3-4 Disclosures (the "Invalidity Contentions"). [Declaration of Gregory S. Cordrey ("Cordrey Decl."), Exh. 1.]

Tellingly, in its Purported Response TEK failed to provide the Court with a copy of SSI's Invalidity Contentions. TEK's omission is significant because SSI's Invalidity Contentions expressly state: "Plaintiffs identify other prior art references and references indicating the state of the art during the relevant time period in Appendix B." [*Id.* at 4.] Appendix B to SSI's Invalidity Contentions list 71 prior art references. [*Id.* at Appx. B thereto.] As illustrated on Exhibit 2 to the concurrently-filed Cordrey Declaration, 24 of the 25 purportedly undisclosed references listed in TEK's Purported Response were expressly disclosed in Appendix B to SSI's Invalidity Contentions. [*Compare* Docket No. 445 at 7 (listing allegedly undisclosed references) *with* Cordrey Decl., Exh. 2 (highlighting references).]

The other reference TEK cites (EP1961632) was disclosed in SSI's Invalidity Contentions by its application number (EP 08 15 8282). [*See* Cordrey Decl., Exh. 2 at No. 4.] That European patent application was filed by TEK's president, Maurizio Marini. [*See* Cordrey Decl., Exh. 3.]

TEK's cited cases are inapposite because they both involved defendants failing to timely disclose prior art references during discovery. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1281-82 (Fed. Cir. 2012) (barring prior art at trial under Rule 37 for failure to timely supplement interrogatory responses); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550 (Fed. Cir. 1998) (barring prior art reference not disclosed during discovery period).

Here, by contrast, SSI timely disclosed every single prior art reference in its Invalidity Contentions *in 2011*. Thus, any relief TEK seeks in its Purported Response should be denied.

### III. SSI IS NOT BARRED FROM RELYING IN PART ON THE BRIDGESTONE REFERENCE TO PROVE INVALIDITY

TEK also incorrectly argues that SSI should be barred from arguing invalidity based in part on the Bridgestone reference based on decisions of the Federal Circuit and former Magistrate Judge Grewal. TEK is wrong. The Federal Circuit did not hold that SSI was barred from relying on Bridgestone, only that invalidity based on Bridgestone and Eriksen must be reconsidered in light of

- 3 -

DEFENDANTS' REPLY TO TEK'S RESPONSE RE NOTICE PURSUANT TO 35 U.S.C. § 282(C)
LA 14342126v2
Case No. 3:11-cv-00774-VC (Lead Case)

the Federal Circuit's new construction of "cooperating with."

The Federal Circuit reversed the District Court's construction of the "cooperating with" claim limitation, and reversed the District Court's grant of summary judgment of invalidity based on Eriksen and Bridgestone in light of its new claim construction. [Docket No. 357 at 6-14.] In doing so, the Federal Circuit did not preclude future use of Bridgestone to invalidate the '110 Patent. To the contrary, the Federal Circuit noted that "[SSI] has not had an opportunity to make a case for invalidity in light of this court's claim construction" and remanded for that purpose. [*Id.* at 14.] And the Federal Circuit did not preclude SSI from using Bridgestone for other purposes, such as to show that the state of the art at the time of TEK's purported invention included the use of a three-way valve in a tire repair kit.

To the extent that Magistrate Judge Grewal's interpretation of the Federal Circuit's mandate precluded reconsideration of obviousness based on Eriksen and Bridgestone under the Federal Circuit's new construction, he misinterpreted it. The Federal Circuit's mandate did not explicitly state or implicitly require precluding obviousness based on Eriksen and Bridgestone because the reversal was based on an incorrect construction of a claim term, and not on the Federal Circuit's examination of the Eriksen-Bridgestone combination under its new construction, this latter issue being expressly remanded to the District Court for its consideration. [*Id.* at 14.] Because the determination of obviousness based on the Eriksen and Bridgestone prior art was not decided by necessary implication from the Federal Circuit's order, i.e., the incorrect claim construction was sufficient to require remand, it would be error to entirely preclude this invalidity argument on remand. *Laitram Corp. v. NEC Corp. et al.*, 115 F.3d 947, 950 (Fed. Cir. 1997) ("Although the district court cites much authority for the proposition that issues decided implicitly by courts of appeals may not be reexamined by the district court, the rule is actually applicable only to those issues decided by necessary implication.") (internal citation omitted).[2]

---

[2] The single statement from the Federal Circuit's order relied upon by the Magistrate Judge in denying SSI's renewed motion for invalidity based on Eriksen and Bridgestone is expressly prefaced by the Federal Circuit's statement that the District Court erred "[b]ased on its erroneous interpretation of claim scope" of the term "cooperating with." 616 Fed.Appx. at 995-96. The Federal Circuit held that the hose in Bridgestone identified by SSI did not meet its new construction (and thus neither

- 4 -

DEFENDANTS' REPLY TO TEK'S RESPONSE RE NOTICE PURSUANT TO 35 U.S.C. § 282(C)
LA 14342126v2
Case No. 3:11-cv-00774-VC (Lead Case)

And, even under TEK's broad view of Magistrate Judge Grewal's order, he did not hold or even imply that SSI could not use Bridgestone for other purposes related to invalidity at trial, such as to reflect the state of the art of tire repair kits at the time of the alleged invention.  [*See* Docket No. 397 at 2-3.].

Consequently, SSI should be permitted to rely on the Bridgestone reference as part of its invalidity case.

## IV.     **CONCLUSION**

TEK's Purported Response is a disguised *in limine* motion that should be disregarded in its entirety or, at least, denied on all counts.

DATED: February 21, 2017        JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
GREGORY S. CORDREY
ANDREW I. SHADOFF
JESSICA P.G. NEWMAN

By: */s/ Gregory S. Cordrey*
GREGORY S. CORDREY
Attorneys for Defendants SEALANT SYSTEMS INTERNATIONAL, INC. and ITW GLOBAL TIRE REPAIR

---

Eriksen and Bridgestone disclosed the claimed invention based on SSI's original arguments using an erroneous construction of "cooperating with"), but it did not rule out other invalidity arguments based on Bridgestone.  To the contrary, it remanded because "[SSI] has not had an opportunity to make a case for invalidity in light of this court's claim construction. A remand is therefore required." *Id*. at 996.