UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEK GLOBAL, S.R.L., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEALANT SYSTEMS INTERNATIONAL, INC, et al.,<br><br>    Defendants. | Case No.  11-cv-00774-VC<br><br>**FURTHER ORDER RE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 441, 442, 445, 450, 451, 452, 453, 454, 459 |

      TEK's Motion in Limine No. 2, to exclude SSI's reference to its own intellectual property, is denied.  TEK's argument is better suited to individual motions made in the context of trial.

      TEK's Motion in Limine No. 3, to exclude Dr. King's testimony, is denied.

      SSI's Motion in Limine No. 1, to exclude certain of Dr. Mody's opinions, is denied.  With respect to the royalty base, the nature of the product and the evidence in this case (including but not limited to the deposition testimony of SSI's own damages expert) suggest that there is reason to admit a damages calculation that relies on the base Dr. Mody has proposed.  *Cf. VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328-29 (Fed. Cir. 2014); *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, 561 F. App'x 934, 947 (Fed. Cir. 2014).

      SSI's Motion in Limine No. 2, to exclude TEK's sales and costs "summaries," is denied.

      SSI's Motion in Limine No. 3, to preclude reference to Kaltsounis in the context of SSI's alleged copying, is granted.  The Court has already denied SSI's motion as to copying generally.  However, in light of the discussion at the pretrial conference, the Court notes that copying is relevant to obviousness, but generally not relevant to infringement.  *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1328, 1336 (Fed. Cir. 2009).  TEK must limit its

use of copying evidence accordingly.

SSI's Motion in Limine No. 4, to preclude reference to the Federal Circuit opinion and to the prior trial, is granted. This will not prevent the parties from making nonspecific reference to prior proceedings as necessary – for example, to impeach witnesses.

To the extent TEK's objection to SSI's § 282(c) notice seeks to exclude undisclosed prior-art references, the objection is moot, as SSI agreed at the pretrial conference that it would be limited by its operative invalidity contentions. To the extent TEK's objection seeks to preclude all reference to Bridgestone, the objection is denied. The Federal Circuit has addressed certain aspects of Bridgestone and Eriksen, both alone and in combination. *Sealant Sys. Int'l, Inc. v. TEK Glob., S.R.L.*, 616 F. App'x 987, 995-96 (Fed. Cir. 2015). If SSI can still use these references in a way that doesn't contradict the Federal Circuit's decision and that presents no other admissibility problems, it may do so.

As discussed at the pretrial conference, the Court is of the tentative view that little or none of the material currently sought to be sealed is in fact sealable. *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The parties' pending motions to seal will be held in abeyance until the end of trial, at which point the parties will be expected to withdraw or more narrowly tailor their motions.

**IT IS SO ORDERED.**

Dated:  March 7, 2017

_____
VINCE CHHABRIA
United States District Judge