UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEK GLOBAL, S.R.L., et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>SEALANT SYSTEMS INTERNATIONAL, INC, et al.,<br><br>        Defendants. | Case No. 11-cv-00774-VC<br><br>**FURTHER ORDER RE TRIAL EXHIBITS 60 AND 145**<br><br>Re: Dkt. Nos. 481, 484, 485 |

        Sealant's request to exclude trial exhibits 60 and 145 is denied.

        There is no freestanding "sponsoring witness" requirement in the Federal Rules of Evidence. There is an authentication requirement. Fed. R. Evid. 901. But Sealant appears not to be invoking it, *see* Defs.' Br. (Dkt. No. 485) at 4 n.2, and TEK has proffered enough evidence to overcome any threshold authenticity concerns in the event such an objection is raised. Pls.' Br. (Dkt. No. 484) at 2; *see, e.g.*, *U.S. v. Fluker*, 698 F.3d 988, 999-1000 (7th Cir. 2012); *Adams v. United States*, No. CIV. 03-0049-E-BLW, 2009 WL 1922250, at *1 (D. Idaho June 30, 2009); *U.S. v. Safavian*, 435 F. Supp. 2d 36, 41-42 (D.D.C. 2006). There is a personal knowledge requirement for witness testimony. Fed. R. Evid. 602. But the evidence at issue here is documentary, and to the extent Sealant objects to documents being introduced to prove the truth of their contents, Sealant's objection is to hearsay. That objection is resolved in TEK's favor in light of the party-admission exclusion. Fed. R. Evid. 801(d)(2).

        Sealant has also raised an objection based on unfair prejudice. Fed. R. Evid. 403. That objection is resolved in TEK's favor as well. The exhibits are circumstantial evidence of copying a commercial embodiment. Although the probative value of the exhibits is limited, it is not so

heavily outweighed by the risk of confusion or unfair prejudice as to prevent the exhibits from being shown to the jury.  The Court is cognizant of the risks associated with admitting evidence of copying.  But the jury must be allowed to fulfill its role even where the evidence is inconclusive or indirect.  As discussed previously, the Court is prepared to give the jury an instruction explaining the limited purpose for which evidence of copying is admitted.

**IT IS SO ORDERED.**

Dated:  March 12, 2017

_____
VINCE CHHABRIA
United States District Judge