

**ORIGINAL FILED**

MAR 17 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEK GLOBAL, S.R.L., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SEALANT SYSTEMS INTERNATIONAL, INC, et al.,<br><br>　　　　　Defendants. | Case No. 11-cv-00774-VC<br><br>**VERDICT FORM** |

We, the jury in this case, find as follows:

**FINDINGS ON INFRINGEMENT CLAIMS**

1. <u>Infringement</u>

   Has TEK proven that it is more likely than not that SSI infringed the following claims of the '110 patent?

   |  | YES<br>(for TEK) | NO<br>(for SSI) |
   |---|---|---|
   | a. Claim 26 | ✓ | |
   | b. Claim 28 | ✓ | |
   | c. Claim 31 | ✓ | |

## FINDINGS ON INVALIDITY DEFENSE: OBVIOUSNESS

The ultimate conclusion to be reached on the obviousness question is whether SSI has proven that it is highly probable that the claimed invention would have been obvious to a person of ordinary skill in the field at the time the '110 patent application was filed. In order to properly reach a conclusion the following preliminary questions must be answered:

**2. Independent Claim 26**

   a. Has SSI proven that it is highly probable that U.S. Patent No. 4,498,515 ("Holtzhauser") was within the scope and content of the prior art at the time of the claimed invention?

   _____ Yes (for SSI)       √ No (for TEK)

*If you answered "Yes" to question 2(a), proceed to question 2(b). If you answered "No," proceed to question 5.*

   b. Has SSI proven that it is highly probable that Holtzhauser discloses the use of a three-way valve and an additional hose directly connected to a tire?

   _____ Yes (for SSI)       _____ No (for TEK)

*If you answered "Yes" to question 2(b), proceed to question 2(c). If you answered "No," proceed to question 5.*

   c. Has SSI proven that it is highly probable that a person of ordinary skill in the art would have reason to combine US Pub. No. 2003/0056851 ("Eriksen") and Holtzhauser?

   _____ Yes (for SSI)       _____ No (for TEK)

*If you answered "Yes," to question 2(c), proceed to question 2(d). If you answered "No," proceed to question 5.*

   d. Has SSI proven that it is highly probable that the combination of Eriksen and Holtzhauser would render claim 26 of the '110 patent obvious to a person of ordinary skill in the art?

   _____ Yes (for SSI)       _____ No (for TEK)

*If you answered "Yes," to question 2(d), proceed to question 3. If you answered "No," proceed to question 6.*

### 3. Dependent Claim 28

a. Has SSI proven that it is highly probable that Holtzhauser was within the scope and content of the prior art at the time of the claimed invention?

　　　　　 Yes (for SSI)　　　　　　 No (for TEK)

*If you answered "Yes" to question 3(a), proceed to question 3(b). If you answered "No," proceed to question 5.*

b. Has SSI proven that it is highly probable that Holtzhauser discloses the use of a three-way valve controlled by a selector which can be set (i) to a disabling position, in which operation of said compressor assembly is disabled; (ii) to a first enabling position, in which operation of said compressor assembly is enabled, and said container is connected fluidically to said compressor assembly; and (iii) to a second enabling position, in which said additional hose is connected fluidically to said compressor assembly?

　　　　　 Yes (for SSI) 　　　　　 No (for TEK)

*If you answered "Yes" to question 3(b), proceed to question 3(c). If you answered "No," proceed to question 5.*

c. Has SSI proven that it is highly probable that a person of ordinary skill in the art would have reason to combine Eriksen and Holtzhauser?

　　　　　 Yes (for SSI) 　　　　　 No (for TEK)

*If you answered "Yes," to question 3(c), proceed to question 3(d). If you answered "No," proceed to question 5.*

d. Has SSI proven that it is highly probable that the combination of Eriksen and Holtzhauser would render claim 28 of the '110 patent obvious to a person of ordinary skill in the art?

　　　　　 Yes (for SSI) 　　　　　 No (for TEK)

*Proceed to question 4.*

3

### 4. Dependent Claim 31

a. Has SSI proven that it is highly probable that Holtzhauser was within the scope and content of the prior art at the time of the claimed invention?

_____ Yes (for SSI) _____ No (for TEK)

*If you answered "Yes" to question 4(a), proceed to question 4(b). If you answered "No," proceed to question 5.*

b. Has SSI proven that U.S. Patent 6,789,581 ("Interdynamics") was within the scope and content of the prior art at the time of the claimed invention?

_____ Yes (for SSI) _____ No (for TEK)

*If you answered "Yes" to question 4(b), proceed to question 4(c). If you answered "No," proceed to question 5.*

c. Has SSI proven that it is highly probable that Holtzhauser discloses the use of an additional hose directly connected to a tire?

_____ Yes (for SSI) _____ No (for TEK)

*If you answered "Yes" to question 4(c), proceed to question 4(d). If you answered "No," proceed to question 5.*

d. Has SSI proven that it is highly probable that Interdynamics discloses the use of a peripheral groove at least partly surrounding the outer casing for housing said additional hose when not in use?

_____ Yes (for SSI) _____ No (for TEK)

*If you answered "Yes" to question 4(d), proceed to question 4(e). If you answered "No," proceed to question 5.*

e. Has SSI proven that it is highly probable that a person of ordinary skill in the art would have reason to combine Eriksen, Holtzhauser, and Interdynamics?

_____ Yes (for SSI) _____ No (for TEK)

*If you answered "Yes," to question 4(e), proceed to question 4(f). If you answered "No," proceed to question 5.*

f.  Has SSI proven that it is highly probable that the combination of Eriksen, Holtzhauser, and Interdynamics would render claim 31 of the '110 patent obvious to a person of ordinary skill in the art?

_____ Yes (for SSI) _____ No (for TEK)

*Proceed to question 5.*

**5. Objective Indicia of Non-Obviousness:** Which of the following factors has been established by the evidence with respect to the claimed invention. Check all that apply. The first five factors cut in favor of non-obviousness. The next two cut in favor of obviousness:

__✓__ commercial success of a product due to the merits of the claimed invention;

__✓__ a long felt need for the solution that is provided by the claimed invention;

__✓__ copying of the claimed invention by others;

__✓__ unexpected and superior results from the claimed invention;

__✓__ other evidence tending to show non-obviousness;

_____ independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it;

_____ other evidence tending to show obviousness.

5

## DAMAGES

If you found that SSI infringes any claim of the '110 patent (i.e., you checked "Yes" to at least one of the claims following questions 1 and 2), and you did *not* find that claim (or those claims) invalid (i.e., you answered "No" to the question on invalidity as to the same claim(s)), then proceed to the remaining questions. If you answer "No" to infringement or "Yes" to invalidity, do not answer the remaining questions.

**6. What lost profits, if any, did TEK show it more likely than not suffered as a result of sales that it would have made but for SSI's infringement?**

$ 2,525,462

**7. For those infringing sales for which TEK has not proven its entitlement to lost profits, what has TEK proven it is more likely than not entitled to as a reasonable royalty?**

$ 255,388

*Answer the following question only if you found that TEK was entitled to a reasonable royalty.*

**8. Has TEK proven that customer demand for the entire accused product is driven by the patented features?**

✓ YES          ___ NO

Dated: 3/17/2017



FOREPERSON

6