JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329), sgibson@jmbm.com
GREGORY S. CORDREY (Bar No. 190144), gcordrey@jmbm.com
ANDREW I. SHADOFF (Bar No. 272319), ashadoff@jmbm.com
JESSICA P.G. NEWMAN (Bar No. 309170), jnewman@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendants
SEALANT SYSTEMS INTERNATIONAL INC. and
ITW GLOBAL TIRE REPAIR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEK GLOBAL S.R.L., and TEK CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SEALANT SYSTEMS INTERNATIONAL INC. and ITW GLOBAL TIRE REPAIR,<br><br>Defendants. | CASE NO.   3:11-cv-774-VC (Lead case)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUPPLEMENTAL PRE-VERDICT DAMAGES, AN ACCOUNTING OF POST-VERDICT INFRINGING SALES; AND PRE- AND POST-JUDGMENT INTEREST**<br><br>[Declarations of John Hansen and Stanley M. Gibson filed concurrently herewith]<br><br>Date:       July 20, 2017<br>Time:       10:00 a.m.<br>Ctrm:       4 – 17th Floor<br>Judge:      Hon. Vince Chhabria<br><br>(Consolidated with Case No. 11-cv-1649) |

Defendants Sealant Systems International, Inc., and ITW Global Tire Repair (collectively, "SSI") respectfully submit this opposition to Plaintiffs TEK Global, S.r.l. and TEK Corporation's (collectively, "TEK") Motion for Supplemental Pre-Verdict Damages, An Accounting of Post-Verdict Infringing Sales; and Pre- and Post-Judgment Interest (the "Motion"; Docket No. 535).

## I. INTRODUCTION

TEK's Motion seeks various forms of monetary relief.  With the exception of $52,622 in prejudgment interest, each of TEK's requests should be denied.[1]

<u>Prejudgment Interest</u>.  TEK seeks over $440,000 in prejudgment interest, calculated at the prime rate and compounded annually.  SSI does not challenge TEK's entitlement to some prejudgment interest compounded annually.  But TEK provides no basis for departing from the standard practice in patent cases of awarding prejudgment interest at the Treasury bill rate.  This is especially true because TEK provides no evidence that it was forced to borrow any money as a result of the infringement.  *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997).  As such, TEK should be awarded prejudgment interest at the 52-week Treasury bill rate, which totals $52,622.

<u>Supplemental Pre-Verdict Damages</u>.  TEK's request for supplemental damages from January 1, 2017 through the date of the verdict should be denied.  TEK failed at trial to establish its entitlement to lost profits damages.  And TEK's request for additional reasonable royalty damages is overstated because it relies on the same improper methodology that TEK's damages expert, Dr. Mody, applied at trial.  In particular, Dr. Mody failed to apportion the royalty base to the smallest salable patent-practicing unit, and TEK failed to establish that the entire market value rule should otherwise apply.   Because TEK failed to prove its entitlement to damages at trial, it should be not awarded additional damages now based on the same faulty arguments.

<u>Accounting and Post-Judgment Interest</u>.  Finally, TEK's requests for an accounting of post-verdict sales and post-judgment interest should be denied.  Both requests are premature, especially in light of the significant challenges to the jury's verdict in SSI's Renewed Motion for Judgment as a Matter of Law ("Renewed JMOL"; Docket No. 530) and Motion for New Trial (Docket No. 531).  The Court should defer ruling on either of these requests until it determines if they are needed.

---

[1] In its Notice of Motion, TEK seeks relief against not only against SSI, but also its "officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them." [Motion at 2:10-12.]  SSI presumes this was a typographical error, perhaps a remnant of TEK's motion for permanent injunction. [*Compare id. with* Docket No. 534 at 4:9-11.]  To the extent this request was not made in error, however, TEK presents no authority entitling it to any relief from any person or entity other than SSI, and the Court should deny any such request.

## II. TEK SHOULD BE AWARDED PREJUDGMENT INTEREST AT THE TREASURY BILL RATE COMPOUNDED ANNUALLY

TEK seeks prejudgment interest at the prime rate. [Motion at 7.] TEK's request should be denied because there is no evidentiary basis for awarding TEK prejudgment interest at that rate. Instead, TEK should be awarded prejudgment interest at the 52-week Treasury bill rate.

"Prejudgment interest is meant to be compensatory and not punitive." *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, 2006 WL 2522506, *1 (N.D. Cal. Aug. 30, 2006). "District courts have discretion to determine the rate of prejudgment interest." *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2017 WL 976673, *16 (N.D. Cal. Mar. 14, 2017).

"The Treasury Bill rate has been accepted and employed by many courts in patent cases as a reasonable method of placing a patent owner in a position equivalent to where it would have been had there been no infringement." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 67 F.Supp.3d 1100, 1122 (N.D. Cal. 2014). "Courts have declined to use the prime rate where the plaintiff does 'not present any evidence that it needed to borrow money *because* it was deprived of the damages award.'" *Finjan*, 2017 WL 976673, at *16, *quoting Apple*, 67 F.Supp.3d at 1122 (emphasis in original)

For instance, in *Laitram*, "[t]he district court found that there was no evidence that Laitram borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded as a result of NEC's infringement." 115 F.3d at 955. As a result, the Federal Circuit held, the district court did not abuse its discretion in awarding prejudgment interest "at the U.S. Treasury bill rate, compounded annually." *Id.*

Similarly, in *Datascope Corp. v. SMEC, Inc.,* 879 F.2d 820 (Fed. Cir. 1989), the Federal Circuit found that the district court did not abuse its discretion in awarding prejudgment interest at the Treasury bill rate. *Id.* at 829 ("[W]e are unconvinced here that the Treasury bill rate of section 1961 fails to 'adequately compensate' Datascope.")

Courts in this District have applied the *Laitram* analysis and awarded prejudgment interest at the Treasury bill rate where, as here, there is no evidence that the infringement caused the patentee to borrow money, or that the patentee had to borrow money at any rate higher than the Treasury bill rate.

*See, e.g.*, *Apple*, 67 F.Supp.3d at 1122 (Treasury bill rate was "sufficient" even though Apple "borrowed in the public markets at rates higher than the Treasury Bill rate" because Apple presented no "evidence that it needed to borrow money *because* it was deprived of the damages award"); *Finjan*, 2017 WL 976673, at *17 ("Finjan has failed to demonstrate that Sophos's infringement required it to borrow money at the prime rate. The treasury rate is appropriate."); *Cave Consulting Group, LLC v. Optuminsight, Inc.*, No. 5:11-cv-00469-EJD, 2016 WL 4658979, *25 (N.D. Cal. Sept. 7, 2016) (applying Treasury bill rate where "[t]here is no evidence that CCGroup borrowed any money because it was deprived of the damages award"); *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-02024-RMW, 2016 WL 4427490, *12 (N.D. Cal. Aug. 22, 2016) ("Radware submitted no evidence that it borrowed any money during the infringement period at the prime rate. Nor has Radware argued that its poor financial condition required it to finance its operations with monies borrowed at high interest rates, in contrast with the situation in *Uniroyal*. Accordingly, the court finds it appropriate to utilize the T-Bill rate with annual compounding for prejudgment interest.").

Here, TEK presents no evidence that SSI's alleged infringement caused TEK to borrow money during the infringement period, or that TEK had to borrow money during the infringement period at all, much less at the prime rate. [*Cf.* Declaration of Guido Petrelli (Docket No. 534-1).] Accordingly, under the foregoing authorities, there is no basis to award TEK prejudgment interest at any rate higher than the Treasury bill rate. *See also TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2014 WL 6068384, *5 (N.D. Cal. Nov. 13, 2014) ("[B]ecause TransPerfect has not presented any compelling reasons to deviate from the method used to calculate post-judgment interest, the parties shall calculate pre-judgment interest based on the Treasury Bill rate and annual compounding."). Based on the calculations of SSI's damages expert, John Hansen, TEK's prejudgment interest at the 52-week Treasury bill rate, compounded annually, equals $52,622. [*See* Declaration of John L. Hansen, ¶¶ 2-4, Exh. 1.]

TEK argues that a patentee does not have to demonstrate that it borrowed money at or above the prime rate to be awarded prejudgment interest at the prime rate. [Motion at 6.] But the cases TEK cites illustrate why TEK is not entitled to interest at the prime rate here.

In *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991), "[t]he court selected the prime rate because (1) the litigation was, by patent case standards, of a protracted and comprehensive nature, and (2) Rudkin-Wiley's poor financial condition during the pendency of the litigation required it to finance its operations with monies borrowed at rates above the prime rate."

In *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564 (Fed. Cir. 1988), the Federal Circuit declined to find that the special master's award of prejudgment interest at the prime rate was an abuse of discretion in light of "the paucity of evidence on this issue." *Id.* at 1580. Notably, the Federal Circuit was careful to point out that it did not "intend to establish any rule that prejudgment interest at the prime rate should be awarded as a matter of course in every case." *Id.*

In *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056 (Fed. Cir. 1983), the Court noted that "[o]nce the claimant has affirmatively demonstrated that a higher rate [than a statutory rate] should be used, [citation] the district court may fix the interest at that higher rate." *Id.* at 1066. There, the plaintiff "affirmatively demonstrated and the district court found that Lam borrowed money at or above the prime rate in order to continue its operations." *Id.* As a result, the district court did not abuse its discretion in awarding prejudgment interest at the prime rate.

And in *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2008 WL 928535 (N.D. Cal. Apr. 4, 2008), the district court decided to award interest at the prime rate "since it is the 'rate charged by banks to its most credit-worthy customers.'" *Id.* at *4, *quoting Nikko Materials USA, Inc. v. R.E. Service Co., Inc.*, No. C 03-2549 SBA, 2006 WL 118438, at *1 (N.D. Cal. Jan. 13, 2006). However, the court's opinion did not analyze whether the patentee had established that it had needed to borrow money or that it had done so as a result of the infringement.

Here, TEK has proffered no evidence that it had a "poor financial condition during the pendency of the litigation," that it had to "finance its operations with monies borrowed at rates above the prime rate," or that it had to borrow money at all. Thus, unlike in *Uniroyal*, *Studiengesellschaft Kohle*, or *Lam*, TEK provides no reason to award prejudgment interest at the prime rate.

Accordingly, TEK should be awarded prejudgment interest in the total amount of $52,622.[2]

---

[2] Mr. Hansen's prior calculation of prejudgment interest at the prime rate is not relevant here. After

### III. TEK IS NOT ENTITLED TO SUPPLEMENTAL PRE-VERDICT DAMAGES

TEK's request for supplemental damages from January 1, 2017 through the date of the verdict should be denied for the same reasons the jury's damages verdict should be overturned.

First, TEK should not be granted supplemental lost profits damages. As explained in detail in SSI's Renewed JMOL, TEK failed to prove its entitlement to lost profits damages because it did not prove each of the four factors set out in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978). [*See* Docket No. 530 at pp. 12-21.] In addition, Dr. Mody improperly applied a 13.25% profit margin based on numbers she merely accepted, without analysis, from TEK, rather than TEK's actual, negative, operating margin. [*See id.* at pp. 18-20.] For the same reasons, TEK's request for $1,272 in supplemental lost profits should be denied.

TEK also is not entitled to the full amount of additional reasonable royalty damages it seeks. As explained in SSI's Renewed JMOL, TEK's reasonable royalty damages were improperly inflated because Dr. Mody failed to apportion her royalty base to the smallest salable patent-practicing unit, and TEK failed to establish that the entire market value rule should otherwise apply. *See* Docket No. 530 at pp. 21-23; *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327-28 (Fed. Cir. 2014). For the same reasons, Dr. Mody's calculation of $7,465 in supplemental royalty damages is overstated. TEK should be ordered to re-calculate those additional claimed royalties once the Court rules on that issue in the context of SSI's Renewed JMOL.[3]

---

the prior trial in this case in 2013, Mr. Hansen calculated prejudgment interest at the prime rate rather than California's 10% statutory rate. [*See* Docket No. 244-9 at ¶ 3.] In so doing, Mr. Hansen was making a calculation, not a legal determination. TEK also failed to dispute that interest rate. [*See* Docket No. 260.] Here, TEK provides no facts suggesting that it is entitled to prejudgment interest at any rate higher than the Treasury bill rate. *See Laitram*, 115 F.3d at 955.

[3] It is unclear if TEK's request for supplemental reasonable royalty damages includes royalties on tire repair kits SSI sold to Tesla. If it does, that portion of TEK's request should be denied. TEK's technical expert admitted at trial that the Tesla kits do not infringe the patent-in-suit. [*See* Gibson Decl., Exh. 2 at 422:11-18, 423:10-15; Trial Exhibit 590.]

## IV. TEK'S REQUESTS FOR AN ACCOUNTING AND POST-JUDGMENT INTEREST SHOULD BE DENIED AS PREMATURE

TEK also asks the Court to order "[a]n accounting to determine damages for the time period from March 17, 2017 through the effective date of any permanent injunction" and "[p]ost-judgment interest on all damages awarded by the Court, including any attorney's fees." [Motion at 1.] Both of these requests should be denied because they are premature and open-ended.

TEK's request for accounting "through the effective date of any permanent injunction" is premature on its face. The Court has not issued any permanent injunction (and should not do so). There is therefore no end date to TEK's requested accounting. Likewise, TEK's request for post-judgment interest does not identify any time period for which TEK seeks that relief.

The Court should not grant TEK's open-ended requests. Once the Court rules on the parties' post-trial motions, TEK may make a new motion for accounting and/or post-judgment interest.

These requests also should be denied because the Court first must resolve several issues relating to the Jury's verdict that might render these requests moot. In particular, SSI's Renewed JMOL and Motion for New Trial raise serious questions about the lack of evidentiary support for the Jury's damages verdict, as well as its infringement and validity findings. In light of those pending questions, the Court should not rule on TEK's requests for an accounting or post-judgment interest at this time. *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012) (finding it "premature" to order an accounting in light of decision to order new trial on damages); *Brocade Comms. Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 WL 257124, at *2 (N.D. Cal. Jan. 23, 2013) (denying request for supplemental damages and accounting as premature "in light of the court's determination that the jury's patent infringement damages award was not supported by substantial evidence").

Accordingly, TEK's requests for an accounting and post-judgment interest should be denied.

## V. CONCLUSION

For the foregoing reasons, TEK's requests for supplemental pre-verdict damages, an accounting, and post-judgment interest should be denied, and TEK should be awarded prejudgment interest in the total amount of $52,622.

DATED: June 1, 2017

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
GREGORY S. CORDREY
ANDREW I. SHADOFF
JESSICA P.G. NEWMAN

By: /s/ Andrew I. Shadoff
ANDREW I. SHADOFF
Attorneys for Defendants SEALANT SYSTEMS INTERNATIONAL, INC. and ITW GLOBAL TIRE REPAIR